SERENA FERRIS, Respondent, *v.* THE UNION FERRY COMPANY, Appellants.

*Negligence—Ferry Company—Dropping Chain before securing Boat.*

The dropping of the chain guarding the passage way on a ferry-boat, before the boat is properly secured to the bridge, thereby signifying to the passengers that everything is ready for them to pass off, is such an act of negligence on the part of the company, as to render them liable for damages occasioned by failure to have the boat properly secured to the bridge.

APPEAL from a judgment of the Supreme Court, rendered at General Term in the First District, affirming order denying motion for new trial; and a judgment entered upon the verdict of a jury, on a trial at Circuit, before Hon. Henry Hogeboom, Justice of the Supreme Court.

The Plaintiff was a passenger from Brooklyn to New York on one of the Defendants' ferry-boats, and on the arrival of the boat at the slip in New York, her foot fell into an opening between the boat and the floating bridge at which she was to land, whereby her leg was jammed, causing the injury on account of which this action was brought.

A motion for nonsuit was made at the close of the Plaintiff's case, and again when the Defendants rested, both of which were denied.

The jury found a verdict for the Plaintiff for $400. All of the other important facts in the case are sufficiently disclosed in the opinion.

SCRUGHAM, J.—We are only to determine whether the learned justice who presided at the trial erred in refusing to dismiss the complaint when the Plaintiff closed his case, or in again so refusing when all of the testimony had been adduced on both sides.

Chains are fastened across the ferry-boats of the Defendants when they leave their slips, to prevent passengers from leaving the boat before it is properly fastened to the floating dock or bridge to which it comes. Some of the men employed upon the boat guard these chains, to maintain them in position until they let

them down to enable the passengers to leave the boat on its arrival. That part of the chain which crossed the passage way from the ladies' cabin of the boat on which the Plaintiff was injured, was let down on that occasion by one of these men before the Plaintiff attempted to pass from the boat to the bridge. If the Defendants were guilty of any negligence, it was in this act of their employé. It was not negligence, if so much of the easterly end of the boat as corresponded in position and width with the ladies' passage way was at that moment close up and fastened to the bridge; and if this was not the case, the dropping of the chain was negligence, for it was an intimation to the passengers that the junction of the boat with the bridge was, as to that passage way, perfect.

The conformation of the end of the boat and the bridge, as shown on the diagram which was used on the trial, and of which a copy appears in the case, shows that if the end of the boat and the bridge were in close contact over the whole width of the ladies' passage way (being a length of eight feet from the northerly end of the bridge), contact must have continued several feet further southerly. If, therefore, the place of the accident was on the ladies' passage way, as the Plaintiff testifies, or not more than a foot southerly of it, as stated by her witness, Mr. Dodge, the junction of the boat and bridge could not have been perfect over the whole width of the passage way at the time of the accident; and the dropping of the chain by the servant of the Defendants before that junction was secured, was negligence in the Defendants.

The Plaintiff was not bound to use more than ordinary care in leaving the boat. She did not attempt to go off, nor did she leave the ladies' cabin until she heard the chain drop. As it was dropped by one of the men in charge of it, she had a right to assume that the boat and bridge were, and would remain, perfectly joined over the whole width of the ladies' passage way, and over a space of more than a foot extending southerly from it; for the junction over the width of the passage way would naturally and necessarily effect the junction over the additional space. Therefore, in attempting to pass off from the boat outside of the ladies' passage way, but within

one foot southerly of it, the Plaintiff was not negligent. She was passing off with other passengers, a considerable number being both before and behind her, and she had seen nearly half of all of the passengers who were on the boat leave it in safety before she fell. When the Plaintiff rested her case there was no circumstance in evidence showing any negligence on her part. It did not appear that she was looking in a direction different from that in which she was going, or that she was not observant of her steps, or that before she made the step the opening between the boat and the bridge existed. These circumstances were not necessarily inferable from the occurrence.

Only one corner of the boat was fastened to the bridge; the boat was otherwise loose, and floating in water which must have been still under agitation from the movement of the wheels and hull in approaching the dock. Under such circumstances, the effect in a slip of such slight swells as are usually caused by the wheels of steamboats would be to sway her to and from the bridge, so that at one moment a portion of her bow might adjoin the bridge, which at the next would be somewhat withdrawn from it. It is quite possible that, when the Plaintiff raised her foot to make the unfortunate step, the boat was at that point in contact with the dock; and that when the foot came down, the boat had receded sufficiently to cause the opening into which it fell. There is no evidence of this, but it is a hypothesis upon which the injury may be accounted for, without attributing it to negligence in the Plaintiff; and a presumption of negligence will not arise from the injury alone, if it can be accounted for on any other reasonable hypothesis (Holbrook *v.* The Utica and Schenectady Railroad Company, 2 Kernan, 236).

One of the Defendants' witnesses testified that he called out to the Plaintiff, "Madam, be cautious how you step;" but there is no evidence that this caution was heard by her, or by any other person; and the witnesses on the part of the Defendants located the point of the Plaintiff's fall as at, or a little southerly of, the centre of the bow of the boat. In this they were in direct conflict with the witnesses for the Plaintiff.

Thus, then, there was at the close of the whole testimony, and when the second motion for a dismissal of the complaint was made, conflicting evidence upon one of the most important points in the case, and therefore the judge properly refused to grant the motion.

The judgment should be affirmed.

DAVIES, CH.J.—The action was brought to recover damages sustained by the Plaintiff, caused by the negligent acts of the Defendants, in not properly securing a ferry-boat upon which the Plaintiff was a passenger, whereby, in passing off therefrom, she was injured. The only exception taken on the trial was to the refusal of the judge to nonsuit the Plaintiff.

The Plaintiff having closed her testimony, the Defendants' counsel moved for a nonsuit, on the ground that Defendants had not been guilty of negligence, and that the Plaintiff's negligence contributed to the injury. Under a charge to the jury which would seem to have been satisfactory to both parties, the jury found a verdict for the Plaintiff.

To arrive at this result, they must necessarily have found :

1. That the Defendants were guilty of negligence; and

2. That the Plaintiff was not guilty of any negligence which contributed to the injury.

The Supreme Court having refused to set aside the verdict on either of these points, we are to assume it was satisfactory to that tribunal. I entirely agree with the learned judge who heard the motion for a new trial, where he said that he was unable to discover the negligence of which the Defendants were guilty on the evidence in the case; or, if negligence may be imputed to the Defendants, why is it not equally chargeable upon the Plaintiff ? Yet, as he refused to grant a new trial, and the Supreme Court, at General Term, have affirmed his decision, it seems to me, in a case like the present, and upon this testimony, it would be injudicious to disturb the judgment, and it should therefore be affirmed with costs.

All affirm.                    JOEL TIFFANY, State Reporter.